Haight, J.
This action was brought to recover an interest in real estate. A trial has been had resulting in an interlocutory judgment in which the following facts were found: In the year 1874 the defendant proposed to the plaintiff, in a written communication addressed to him, that if he would emigrate from Ireland to this country she would pay the traveling expenses of himself and family, would buy for him a homestead which should be paid for by their joint contributions; that the plaintiff accepted the defendant’s offer and migrated with his family to this country in June, 1874; that soon after his arrival in the city of Buffalo the defendant represented to him that she was •about to buy the premises in question for him and herself, and desired his co-operation in paying for the same; that he assented to the purchase and agreed to contribute the earnings of himself and family; that the defendant purchased the premises for the sum of $2,800, paying therefor in cash the sum of $300 of her own money; that from and after the time of such purchase the plaintiff contributed to the payment of the agreed portion of such purchase money the excess of his earnings over and above the necessary expenses in supporting his family, and the entire wages of his three eldest daughters; that the defendant wrongfully acquired the title to the premises in her own name alone, and still retains such title; that the taxes, assessments and other incidental expenses of the premises have been borne by the joint contributions of the plaintiff and defendant; that valuable' improvements have been made thereon by their joint contributions; that such contributions of money by the plaintiff were made in reliance upon the defendant’s representations that the purchase was upon the joint account of the plaintiff and defendant, and in pursuance of the agreement before mentioned. It was adjudged that the plaintiff is equitably entitled to an interest in the premises, presumably of one-half; that an account be taken of all the moneys contributed by each of the parties on account of the and that the interest of *501 each be adjudged in proportion to the amount so contributed. It is admitted that on the 26th day of May, 1881, the defendant gave a mortgage on the premises to Martha Gilbert, for the sum of $1,000; that on or about the 9th day of May, 1884, she sold and conveyed to one Walburger Mesmer, a part of the premises being thirty feet front by eighty-six feet in depth, and that on the 28th day of August, 1885, she executed and delivered to one Anthony Batt, a mortgage upon the premises for the sum of $2,863. It also appears that the plaintiff and defendant reside upon the premises; that there are other buildings thereon, which are rented for the sum of forty-eight dollars per month. It is charged in the moving papers that the defendant is insolvent, and this charge is not denied by her in the opposing affidavits.
Under these circumstances we are inclined to the opinion that a proper case was presented for the appointment of a receiver. As we have seen, it has been adjudged and determined that the plaintiff is a part owner of the premises and is as much entitled to the rents as is the defendant. If, as is claimed, she is insolvent, and is collecting the rents and expending the same in her own interest, the plaintiff may suffer in consequence.
The order should be reversed, with ten dollars costs and disbursements, and the motion to appoint a receiver granted of that portion of the real estate which was at the date of the motion rented, but not to include that portion occupied by the plaintiff and defendant as a residence, and the case should be remitted to the special term to name a proper person to act as receiver and fix the amount of security to be given by him.
So ordered.
Smith, P. J., Barker and Bradley, JJ., concurred.